[No. 11308.   Department One.   March 6, 1914.]

FRANK A. CONNOLLY, *Appellant*, v. O. F. FREDERICKS *et al.*,
*Respondents.*[1]

APPEAL—REVIEW—FINDINGS.   Findings upon conflicting evidence
will not be disturbed on appeal when sustained by the record.

Appeal from a judgment of the superior court for King
county, Smith, J., entered November 25, 1912, upon findings
in favor of the defendants, dismissing an action in tort, tried
to the court.   Affirmed.

*Jay C. Allen*, for appellant.

*A. J. Falknor*, for respondents.

MAIN, J.—The purpose of this action was to recover dam-
ages alleged to be due to false representations in a transac-
tion involving the exchange of real estate.   The cause was
tried to the court, sitting without a jury.   Judgment was
entered dismissing the action, from which the appeal follows.

On the 8th day of December, 1911, Truman H. Heath and
Margaret M. Heath, his wife, were the owners of an apart-
ment house in Seattle, Washington; and O. F. Fredericks
and wife were the owners of a farm consisting of about 160
acres, located in Thurston county, in the state of Washing-
ton.   At about this time, the Heaths entered into a contract
with the Fredericks whereby the apartment house was to be
exchanged for the farm.   The details of the contract or the
deeds which followed need not be further set forth herein.   At
the same time, Heath purchased from Fredericks certain per-
sonal property which was then upon the farm, consisting of
cattle, oats, hay and chickens.

Thereafter Heath took possession of the farm, and Fred-
ericks of the apartment house.   After a time, Heath con-
cluded that Fredericks had been guilty of misrepresentations

[1]Reported in 140 Pac. 1199.

in the transaction, claiming that the number of acres of cleared land upon the farm was approximately sixty, and that it had been represented that there were eighty acres. Also, that there had been misrepresentation as to the quantity of oats and hay, the health of the cattle, and the number of chickens. Heath assigned his alleged claim for damages to one Frank A. Connolly, the appellant herein, and the present action was begun.

The evidence is conflicting as to whether there were fraudulent representations as to any of the matters claimed. If the respondents' evidence is to be believed, there is nothing to justify the claim of fraud. On the other hand, if the appellant's evidence establishes the facts, then it becomes a question of law whether, under such facts, fraud had been practiced. It has been frequently stated by this court that, where a charge of fraud is made, it must be established by evidence which is clear and convincing. The trial court, upon the conflicting evidence as to the facts, found in favor of the respondents. From a reading of the record, we think this finding must be sustained. It therefore becomes unnecessary to consider whether, as a matter of law, there was fraud had the facts been as claimed by the appellant.

The judgment will be affirmed.

CROW, C. J., ELLIS, CHADWICK, and GOSE, JJ., concur.